# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **F.T.-T. and A.T.-T.**

**No. 19-0768** (Kanawha County 19-JA-310 and 19-JA-311)

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.T., by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's August 9, 2019, order terminating his parental rights to F.T.-T. and A.T.-T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred by not affording him a meaningful improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2019, the DHHR filed a child abuse and neglect petition alleging that the mother and newborn twins, F.T.-T. and A.T.-T., tested positive for methamphetamine at the time of birth. The DHHR alleged that petitioner was the father of the children and that his parental rights to other children had been previously terminated in 2018. Petitioner admitted to the prior termination of his parental rights due to domestic violence and alcohol abuse, but asserted that those issues were remedied. Later, the circuit court held a preliminary hearing and found that, due to the mother's drug use, the children were in imminent danger if returned to her care.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not challenge the termination of his parental rights on appeal.

1

The circuit court held an adjudicatory hearing in June of 2019, and heard the evidence to support the allegations in the petition. The circuit court found that petitioner committed domestic violence against the mother "by attacking, beating, and strangling" her when she was seven-to-eight months pregnant. Petitioner also admitted to having an alcohol abuse problem. The circuit court concluded that petitioner failed to improve or correct the conditions of abuse or neglect that led to the prior termination of his parental rights. The circuit court adjudicated petitioner as an abusing parent of F.T.-T. and A.T.-T., and adjudicated those children as abused children.

In August of 2019, the circuit court held a dispositional hearing. The DHHR and guardian moved to terminate petitioner's parental rights. The circuit court considered testimony of a DHHR worker, the mother, and petitioner and took judicial notice of the evidence taken in petitioner's prior abuse and neglect proceeding. The court found that petitioner was provided remedial services during the prior case, but failed to adequately participate in or benefit from those services. The circuit court further found that petitioner failed to improve his circumstances since the prior proceeding in that he "committed repeated acts of domestic violence" against the mother and continued to habitually abuse alcohol or controlled substances. The court noted petitioner produced a drug screen positive for marijuana during the proceedings. Ultimately, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future because petitioner demonstrated an inadequate capacity to remedy the conditions on his own or with help. Further, the circuit court found that reunification was not in the children's best interests because their safety could not be assured. Accordingly, the circuit court terminated petitioner's parental rights and denied any post-termination visitation by its August 9, 2019, order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

---

[3]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

On appeal, petitioner argues that the circuit court erred by not affording him a meaningful improvement period. Petitioner asserts that, due to the aggravated circumstances of his prior termination, the DHHR failed to provide him with any services. Therefore, petitioner argues that he was not afforded the opportunity to demonstrate that he could provide for his infant children. We find no merit to this argument.

Pursuant to West Virginia Code § 49-4-604(b)(7)(C), the DHHR was not "required to make reasonable efforts to preserve the family" because "the parental rights of [petitioner] to another child [had] been terminated involuntarily." Therefore, the DHHR was justified in not affording petitioner services throughout the proceedings. However, petitioner's prior termination of his parental rights was not dispositive as to an improvement period. West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "Additionally, if a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004).

Although petitioner acknowledges the procedures set forth in West Virginia Code § 49-4-610, he ignores his burden to demonstrate, by clear and convincing evidence, that he would fully participate in an improvement period. He cites to no evidence in the record to support his argument that an improvement period was warranted or that the circuit court abused its discretion in denying him one. Moreover, petitioner does not cite to the record to show that he filed "a written motion requesting the improvement period," which is a requirement of West Virginia Code § 49-4-610(2)(A). Rather, the record reflects the circuit court's unchallenged findings that petitioner was previously offered services and failed to participate in or benefit from those services. This evidence is sufficient to deny petitioner's motion for an improvement period, if it was, in fact, requested. In light of this uncontradicted evidence, we find no error in the proceedings below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 9, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: April 6, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison